**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

**GIRESSE ARSEL TAMNOU NGAJIE**            **CASE NO.  1:26-CV-01367 SEC P**

**VERSUS**                                 **JUDGE JAMES D. CAIN, JR.**

**ELIAZAR GARCIA ET AL**                   **MAG. JUDGE KAYLA D. MCCLUSKY**


**MEMORANDUM ORDER**

Before the court is a Motion for Temporary Restraining Order and Preliminary Injunction [doc. 2] filed by Giresse Arsel Tamnou Ngajie. Mr. Ngajie, who is represented by counsel, has also filed a petition for writ of habeas corpus challenging his overstay in detention under *Zadvydas v. Davis*, 533 U.S. 678 (2001). *See* doc. 1. He alleges that he was taken into immigration custody in July 2025 and remains detained, with a removal order entered in October 2025 and timely appealed in November 2025. *Id.* at ¶¶ 1, 3. The Automated Case Information website maintained by the Executive Office of Immigration Review confirms that his appeal is still pending before the Board of Immigration Appeals ("BIA"). *See* https://acis.eoir.justice.gov/en/caseInformation (accessed April 29, 2026).

An applicant for a temporary restraining order ("TRO") or preliminary injunction must demonstrate each of the following: (1) a substantial likelihood that his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) that the threatened injury outweighs the threatened harm that the injunction might do to the opposing party, and (4) that granting the injunction will not disserve the public interest. *Misquitta v. Warden Pine Prairie ICE Processing Ctr.*, 353 F.Supp.3d 518,

521 (W.D. La. 2018) (citing *Piedmont Heights Civic Club, Inc. v. Moreland*, 637 F.2d 430 (5th Cir. 1981)). The decision of whether to grant or deny a TRO lies in the district court's discretion. *Moore v. Brown*, 868 F.3d 398, 402 (5th Cir. 2017). Courts should deny such motions more often than not. *Albright v. City of New Orleans*, 46 F.Supp.2d 523, 532 (E.D. La. 1999) (explaining that temporary restraining orders are "extraordinary relief and rarely issued."); *see also Suburban Propane, L.P. v. D & S GCTX LLC*, 2025 WL 2429087, at *2 (W.D. Tex. 2025) (holding that the extraordinary relief under Rule 65 must be "unequivocally show[n]."); *Anderson v. Jackson*, 556 F.3d 351, 355–56 (5th Cir. 2009) ("Only under 'extraordinary circumstances' will this court reverse the denial of a preliminary injunction.").

Petitioner's request fails at the first step because he has not shown a likelihood of success on the merits. Petitioner contends that his detention has been prolonged without justification, citing *Zadvydas v. Davis*, 533 U.S. 678 (2001). Section 1231(a)(1)(A) of Title 8 of the United States Code provides that the government has a 90-day "removal period" to remove an alien ordered removed from the United States. 8 U.S.C. § 1231(a)(1)(A). During the removal period, the alien must be detained. See 8 U.S.C. § 1231(a)(2). After the expiration of the removal period, the government may continue to detain an inadmissible or criminal alien or release her subject to conditions of release. See 8 U.S.C. § 1231(a)(6). To facilitate "uniform administration in the federal courts," the United States Supreme Court recognized a six-month "presumptively reasonable period of detention." *Zadvydas*, 533 U.S. at 701. This period begins on the date the order of removal becomes

administratively final.[1] *Agyei-Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011) ("It is presumptively constitutional for an alien to be detained for six months after a final order of removal."). A removal order becomes administratively final "upon the earlier of—(i) a determination by the [BIA] affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the [BIA]." 8 U.S.C. § 1101(a)(47)(B); *see also Lopez Acosta v. Rosen*, 832 F. App'x 891, 891 (5th Cir. 2021). Because Mr. Ngajie has a pending appeal, his removal order is not final and any challenge to the length of his detention under *Zadvydas* is premature. The court therefore **ORDERS** that the Motion for Temporary Restraining Order [doc. 2] be **DENIED**.

    **THUS DONE AND SIGNED** in Chambers on the 29th day of April, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[1] The removal period may also begin on the later of (1) the date of a court's final order, "[i]f the removal order is judicially reviewed and if a court orders a stay of the removal of the alien," or (2) the date the alien is released from non-immigration detention or confinement. 8 U.S.C. § 1231(a)(1)(B)(ii)-(iii). Neither of these circumstances applies here.